

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# USA v. Wilson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3899

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Wilson" (2006). *2006 Decisions.* Paper 176.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/176

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3899

———

UNITED STATES OF AMERICA

v.

SENECA WILSON,

Appellant

———

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cr-00292)
District Judge: Honorable Anne E. Thompson

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2006

Before: SCIRICA, *Chief Judge*,  BARRY and ALDISERT, *Circuit Judges*

(Filed: November 20, 2006)

———

OPINION OF THE COURT

———

ALDISERT, *Circuit Judge*

Seneca Wilson appeals his conviction of bank robbery and use of a firearm in

relation to a crime of violence. Counsel for Appellant has filed a motion to withdraw,

accompanied by a brief under <u>Anders v. California</u> arguing that the appeal is frivolous. 386 U.S. 738 (1967). We will grant counsel's motion for withdrawal and will dismiss the appeal for want of jurisdiction.

## I.

Because we write only for the parties who are familiar with the facts and the proceedings in the United States District Court for the District of New Jersey, we will revisit them only briefly. In the course of two weeks in December 2003, Seneca Wilson robbed or attempted to rob five banks in southern New Jersey. On December 31, 2003, he also robbed a Shell Service Station and a New Jersey Turnpike Toll Plaza. Wilson's blitz of thievery came to an end when he was apprehended on January 2, 2004, shortly after robbing a Commerce Bank in Old Bridge, New Jersey.

Wilson pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a) and use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). In exchange for Wilson's guilty plea, the government agreed not to charge him with additional bank robberies and the use of a firearm during those crimes. Paragraph 14 of the plea agreement provided in part:

> Seneca Wilson knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court (prior to the application if the consecutive 60 months' imprisonment required for Count Two) is equal to or less than 30.

(App. at 40.) On appeal, we have briefs from the government and from Wilson's counsel, who seeks withdrawal. Wilson has not filed a pro se brief.

## II.

In Anders, the Supreme Court established a procedure for defense counsel to follow when he or she believes an appeal to be frivolous. 386 U.S. at 744. Under Anders, counsel must submit a brief referring to anything in the record that might arguably support the appeal. Id. The brief must (1) satisfy the Court that counsel has thoroughly examined the record in search of appealable issues, United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001); (2) identify any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain . . . why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 780-781 (3d Cir. 2000).

Wilson's counsel, in his Anders brief, carefully walks us through Wilson's plea hearing and sentencing hearing, explaining how both complied with applicable requirements. Not only was the sentencing beyond reproach, counsel points to Wilson's appellate waiver, which he argues bars this appeal. He concludes that there is no issue arguably supporting the appeal. A copy of the brief of Appellant's counsel was provided to Wilson, who was given an opportunity to raise any non-frivolous arguments in a pro se brief. See Anders, 386 U.S. at 744; 3d Cir. L.A.R. 109.2(a). He declined to do so. We have reviewed counsel's Anders brief and agree that Wilson's appeal presents no non-

3

frivolous issues.

III.

The government maintains that we are without jurisdiction to hear Wilson's appeal because he signed a plea agreement waiving appellate rights. We review de novo the validity of a guilty plea agreement containing a waiver of appellate rights. United States v. Khattak, 273 F.3d 557, 560 (3d Cir. 2001). We will enforce a waiver of appellate rights if defendant knowingly and voluntarily waived his appellate rights, unless giving force to the waiver would work a "miscarriage of justice." Id. at 563. In United States v. Lockett, we enforced an appellate waiver executed by a criminal defendant as part of his guilty plea agreement, thus finding the defendant not entitled to appellate review. 406 F.3d 207, 212-214 (3d Cir. 2005).

As in Lockett, Wilson executed a valid waiver of the right to appeal his conviction. We are satisfied that, in view of Wilson's long string of bank and other robberies, the government's agreement to forgo prosecution of the other serious and independent robberies was valid consideration for Wilson's guilty plea and his agreement not to appeal. The plea agreement did not work a miscarriage of justice. We therefore will enforce the no appeal provision of his plea agreement.

IV.

Having examined the record and the Anders brief, we agree that Appellant was unable to present any non-frivolous issues in this appeal, and there are no meritorious

4

issues for purposes of filing a petition for a writ of certiorari.

We will dismiss the appeal for lack of jurisdiction.